UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
KNIGHT MPIC VENTURES, LLC,                           :
KNIGHT MPIC VENTURES II, LLC AND
KNIGHT MPIC VENTURES III, LLC,                       :

                              Plaintiffs,         :

             -against-                                    :        **MEMORANDUM AND ORDER**

KRAIG T. HIGGINSON,                                  :        18-CV-8126 (LGS) (KNF)

                              Defendant.          :
------------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

## PROCEDURAL BACKGROUND

In this diversity action, the plaintiffs asserted breach of guarantee and unjust enrichment causes of action against the defendant, based on the borrowers' failure to repay the plaintiffs' loan to them on the maturity date under the loan agreement and the defendant's guarantee to pay the borrowers' debt upon default. On February 4, 2020, the assigned district judge granted the plaintiffs' motion for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure, finding that the defendant is liable to the plaintiffs "for both the $3,500,000 in unpaid principal, and Plaintiffs' reasonable costs and fees, to be determined at a later date." Docket Entry No. 71. On February 6, 2020, a motion practice scheduling order issued, directing the filing of "a motion for attorneys' fees," with response and reply by certain dates. Docket Entry No. 72. The plaintiffs filed a motion "for an Order pursuant to the Court's Order dated February 4, 2020 granting Plaintiffs reasonable attorneys' fees, awarding them $385,953.45 in attorney's fees and interest on the summary judgment award of 13%." Docket Entry No. 73. An amended order issued referring "Dkt. No. 73 Motion for Attorneys' Fees" to the undersigned. Docket

Entry No. 76.  On July 2, 2020, the Court found that the February 4, 2020 order is ambiguous and directed the parties "to seek a ruling from the assigned district judge on the issue of interest." Docket Entry No. 79.  On August 7, 2020, the undersigned was "requested to proceed with the motion for attorneys' fees, excluding Plaintiffs' request for additional interest on the judgment." Docket Entry No. 80.  Before the Court is the plaintiffs' motion for an order awarding them "$385,953.45 in attorney's fees."  The motion is opposed by the defendant.

## PLAINTIFFS' CONTENTIONS

The plaintiffs assert that their counsel "won a total victory in this case" and handled this breach of warranty litigation, which "was not without its complexity, expeditiously and efficiently."  According to the plaintiffs, the "defenses Defendant interposed and pursued during discovery raised novel issues of law concerning the intersection of the UCC's partial strict foreclosure provision and certain common law principles of damages."  They maintain that, "[o]nce Plaintiffs' counsel were confident in their research, they sought and obtained a stay of discovery and permission to move for early summary judgment on all claims and defenses, which saved the parties the expense and ancillary litigation related to the expert discovery Defendant proposed."  The plaintiffs assert that they "are not seeking compensation for every hour they were billed in the prosecution of this case" and they excluded: (a) all non-attorney time billed; (b) all non-litigation attorney time; (c) all time billed prior to the filing of the complaint; (d) all time billed following the completion of summary judgment briefing; and (e) various courtesy discounts given to the plaintiffs on time billed on the litigation.  Counsel carefully reviewed the bills to ensure that compensation is sought only for time spent directly on court proceedings, making 569.20, "the resulting hours eminently reasonable."

The plaintiffs assert that counsel's hourly rates are reasonable "for the size of this firm, the experience of the attorneys working on this case and the New York City legal market." Locke Lord LLP is an AmLaw 100 law firm with a sizeable commercial litigation practice, and the lead litigation partner on this matter, William D. Foley, Jr. ("Foley") and associates Jeffrey Kramer ("Kramer") and Kaitlin Brown ("Brown") worked on this case. The plaintiffs contend that they could have engaged contingency fee attorneys in this case, who charge typically a fee between 25% and 33% of the recovery, which would amount to a range in this case of between $875,000 (25%) and $1,050,000 (33%). The plaintiffs assert that their request represents only 11% of the awarded judgment and has been reduced further to the fees directly expended on the litigation.

In support of their fee application, the plaintiffs submitted a declaration by their counsel, Foley, with Exhibit A, "a summary table showing the billing attorney, hours, rate, and total fees being sought as part of this attorneys' fees award," Exhibit B, "Hours and Fees for William D. Foley, Jr." Exhibit C, "Hours and Fees for Jeffrey Kramer," and Exhibit D, "Hours and Fees for Kaitlin Brown." Foley states that the time records reflected in the summary were obtained from records contemporaneously maintained by each timekeeper.

Foley spent 248.10 hours on this action between September 2018 and June 2019 at his standard hourly rate of $765 in 2018, for 59.20 hours, and $810 in 2019, for 188.90 hours. Foley has over twelve years of experience as a commercial litigator practicing in New York and practices regularly in federal court, including handling numerous financial services and complex breach of contract cases through discovery, summary judgment, trial and final disposition.

Kramer spent 212.7 hours during the same period of time as Foley and his standard hourly rate was $640 in 2018, for 55.30 hours, and $715 in 2019, for 157.40 hours. Kramer is a

3

seasoned commercial litigator with nine years of experience practicing in New York in the area of financial litigation.  Kramer worked on numerous complex breach of contract cases, handling principal briefing on motions to dismiss and for summary judgment, as well as participating in discovery and following the matter through to final disposition.

Brown spent 108.40 hours on this case at her standard hourly rate of $460 in 2019.  She started working on this case in January 2019.  Brown has five years of experience as a commercial litigator.  Brown has conducted complex electronic discovery on numerous cases in federal and state court as well as prepared dispositive motions and has taken several cases through summary judgment, trial and final disposition.

## DEFENDANT'S CONTENTIONS

The defendant acknowledges that the plaintiffs are entitled to an award of attorney's fees, but asserts that the fees should be "slightly adjusted" as follows: (a) "double billing at the 2/7/19 settlement conference" was unnecessary because no need existed for two attorneys to attend "a non-binding settlement conference"; and (b) "defendant's partially successful motion to dismiss" should be considered to adjust the time spent by the plaintiffs' attorneys opposing the motion, despite difficulty in parsing out "Plaintiffs' specific billables associated with the motion to dismiss."

## PLAINTIFFS' REPLY

The plaintiffs contend that the defendant does not challenge the hourly rates and its two objections to the hours billed should be rejected because the defendant does not explain how hours billed in connection with responding to a motion to dismiss could be reasonably adjusted. The plaintiffs pled their unjust enrichment cause of action in the alternative and the district judge "warned Defendant that his motion should avoid that topic to narrow the issues under

consideration." Since the defendant elected to make the argument in connection with the unjust enrichment cause of action, the plaintiff was forced to respond and the court dismissed that cause of action "because Defendant agreed not to challenge the validity of the contracts." Concerning the settlement conference, the attendance of the plaintiffs' two attorneys was not unnecessary because this is a high value case and the plaintiffs prepared thoroughly for the conference. Moreover, the plaintiffs "already omitted much of that time from the fee they now request," and the defendant does not provide any support for the proposition that the participation of a partner and an associate during a court appearance is excessive.

**LEGAL STANDARD**

"The awarding of attorneys' fees in diversity cases . . . is governed by state law." Grand Union Co. v. Cord Meyer Dev., 761 F.2d 141, 147 (2d Cir. 1985) (citations omitted). Under New York law, "in the absence of any pertinent contractual or statutory provision with respect to the recovery of amounts expended in the successful prosecution or defense of an action, each party is responsible for its own legal fees." Chapel v. Mitchell, 84 N.Y.2d 345, 349, 618 N.Y.S.2d 626, 628 (1994). "[A]n award of attorney's fees pursuant to . . . a contractual provision may only be enforced to the extent that the amount is reasonable and warranted for the services actually rendered." People's United Bank v. Patio Gardens III, LLC, 143 A.D.3d 689, 691, 38 N.Y.S.3d 262, 264 (App. Div. 2nd Dep't 2016). In determining reasonable attorney's fees in New York, courts consider the following factors: "time and labor required, the difficulty of the questions involved, and the skill required to handle the problems presented; the lawyer's experience, ability and reputation; the amount involved and benefit resulting to the client from the services; the customary fee charged by the Bar for similar services; the contingency or

5

certainty of compensation; the results obtained; and the responsibility involved." Estate of Freeman v. Freeman, 34 N.Y.2d 1, 9, 355 N.Y.S.2d 336, 341 (1974).

## APPLICATION OF LEGAL STANDARD

The parties do not dispute that the plaintiffs are entitled to an award of attorney's fees provided by the contracts at issue in this action. The defendant does not challenge the hourly rates. Upon review of the evidence, the Court finds that the hourly rates requested are reasonable, namely: (1) $765 in 2018, and $810 in 2019, for Foley; (2) $640 in 2018, and $715 in 2019, for Kramer; and (3) $460 in 2019, for Brown.

The defendant's challenges to: (i) "double billing" for Foley's and Kramer's attendance at "a non-binding settlement conference"; and (ii) the plaintiffs' hours in connection with responding to the motion to dismiss, are rejected as unsupported by any authority and meritless. The fact that the parties did not achieve settlement at the settlement conference does not diminish its importance or the need to prepare for it. The defendant does not make citation to any authority for the proposition that fees are only warranted for the attendance at a settlement conference by two attorneys when the conference results in a settlement. As pointed out by the plaintiffs, the defendant failed to propose the manner in which adjusting hours in connection with the plaintiffs' response to the motion to dismiss could be done, and the dismissal of the plaintiffs' unjust enrichment cause of action pled in the alternative was a result of the defendant's agreement not to challenge the validity of the underlying contracts; thus, the Court finds no merit in the defendant's argument that hours in connection with the motion to dismiss should be adjusted. Upon review of the evidence, the Court finds that 569.20, the reduced hours requested, is a reasonable number of hours expended in this litigation by the plaintiffs' counsel.

## CONCLUSION

For the foregoing reasons, the plaintiffs' motion for attorney's fees, Docket Entry No. 73, is granted in part, and the plaintiffs awarded $385,953.45 in reasonable attorney's fees, and denied in part, without prejudice, with respect to that part of the motion requesting interest, in accordance with the August 7, 2020 order, Docket Entry No. 80.

Dated: New York, New York
      August 12, 2020                                                                    SO ORDERED:

_Kevin Nathaniel Fox_
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE